UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ALLEN BEASLEY, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. C-10-400 |
| § | |
| RICK THALER, § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER DENYING PETITIONER'S AFFIDAVIT OF PREJUDICE AND MOTION FOR RECUSAL AND DISQUALIFICATION OF MAGISTRATE JUDGE

Petitioner, an inmate assigned to TDCJ-CID's McConnell Unit in Beeville, Texas, filed this *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2241, 2254, challenging disciplinary action taken against him by McConnell Unit officials (D.E. 1). He was granted leave to proceed *in forma pauperis* and service was ordered on December 17, 2010 (D.E. 6). Petitioner has filed an "Affidavit of Prejudice" (D.E. 16) as well as a motion titled "Brief Motion to remove Judge Janice Ellington from Bench (D.E. 18).

### Applicable Law

Petitioner's pleadings are construed as a motion for recusal and to disqualify pursuant to 28 U.S.C. §§ 144, 455. These sections of the United States Code address a judicial officer's bias or prejudice. Section 144 sets forth the procedure for a party to file a motion requesting that a judicial officer remove himself from a case, whereas section 455 requires a judicial officer to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The requirements of the two sections are "similar if not identical". U.S. v. MMR Corp., 954 F.2d 1040, 1045 (5th Cir. 1992). A motion for recusal is committed to the sound discretion of the

District Court. <u>United States v. Merkt</u>, 794 F.2d 950, 960 (5th Cir. 1986), <u>cert. denied</u>, 480 U.S. 946, 107 S.Ct. 1603 (1987).

Title 28, United States Code, Section 144 requires that when a party to any proceeding in a district court makes and files a timely and sufficient affidavit alleging that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further, and another judge shall be assigned to hear the proceeding. 28 U.S.C. § 144. Once the motion is filed, the judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matter alleged. <u>Henderson v. Department of Public Safety and Corrections</u>, 901 F.2d 1288, 1296 (5th Cir. 1990) (citations omitted). A legally sufficient affidavit must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that if true such facts would convince a reasonable man that a bias exists; and (3) the facts must show that the bias is personal, as opposed to judicial, in nature. <u>Id.</u> (citing <u>Parrish v. Board of Commissioners of Alabama State Bar</u>, 524 F.2d 98, 100 (5th Cir. 1975), <u>cert. denied</u>, 425 U.S. 944, 96 S.Ct. 1685 (1976)); <u>Merkt</u>, 794 F.2d at 960. If the affidavit is not legally sufficient under § 144, there is no need for referral of the matter to another judge. <u>Henderson</u>, 901 F.2d at 1296. Moreover, the moving party must exercise reasonable diligence in filing an affidavit after discovering facts which show bias. <u>Pomeroy v. Merritt Plaza Nursing Home, Inc.</u>, 760 F.2d 654 (5th Cir. 1985).

Under the first two parts of the test for legal sufficiency of the affidavit, the facts in Petitioner's affidavit must be material and stated with particularity, and if true must be such that if true, such facts would convince a reasonable man that a bias exists. <u>Henderson</u>, 901 F.2d at 1296. Petitioner's pleadings are sworn; however, he articulates no facts justifying recusal or disqualification of the magistrate. Petitioner alleges the following:

> . . . Judge Janice Ellington showing prejudice and personal 'embroilment' Judicial prejudice dose [sic] exist against petitioner in favor of the party Establishing the Presiding Judge's Personal Prejudice against Petitioner. . . She Janice Ellington, Judge . . warrant herself disqualification from case. . . what happen to [Janis Graham Jacks]. Who was my original Judge on my case . . . because Janice Ellington, had prior notice contact with Petitioner, she became counsel of record for Respondent Rick Thaler, she Janice Ellington was a judge during a prior (lawsuit) involving her as prior (counsel). Judge Ellington, has financial interest in the proceeding. . . She had to coerce her coworker Janice Graham Jack, Judge, with some type of financial interest, to take my case. After she magistrate Judge Janice Ellington, find out, she became prejudice a preconceived unfavorable idea, and opinion held in disregard of facts that contradict it; intolerance or hatred of other races . . .

(D.E. 16). Petitioner further alleges:

> Petitioner . . . now show the court that Judge Janice Ellington is using her judicial misconduct on the job to receive finance interest from petitioner or/she will dismiss my case with prejudice and hoping to receive "money" from her bench as all judges on the bench receive $49,000. But Judge Janice Ellington been prejudiced on the bench under extrajudicial source and looking for family + friends help her Judge . . . with certain responsibility and money she need in violation of due process Judge. . . mechanisms call for a judge's recusal. My whole case is prejudiced by counsel of record, Judge Janice Ellington, recusal should be in favor or recusal.

(D.E. 18).

Giving petitioner the benefit of a very liberal interpretation of his pleadings, he seems to be saying that (1) Magistrate Judge Ellington has a financial interest in the case, (2) she is counsel of record for Respondent Rick Thaler in other cases before the court, and (3) she is prejudiced against petitioner because of his race. All of these statements are conclusory as well as untrue. Petitioner supplies no facts to support his conclusions. There is no indication in this case or any other on the court's docket that Magistrate Judge Ellington is or ever has been the attorney of record for Rick Thaler or that she has a financial interest in the outcome of the case. Further, there is no mention in Judge Ellington's rulings about petitioner's race, and nothing in the pleadings even discloses petitioner's race and consequently it would be difficult for

Magistrate Judge Ellington to be prejudiced because of petitioner's race. Finally, Petitioner's statement that Judge Ellington coerced the undersigned District Judge to transfer the case to her is based in fantasy. Undersigned is the District Judge assigned, pursuant to Article III of the United States Constitution, to make all final decisions in this case. Magistrate Judge Ellington was assigned, pursuant to this court's Standing Order in Prisoner Cases, to rule on non-dispositive motions and to make recommendations on dispositive motions. 28 U.S.C. § 636(b)(1).

Petitioner has failed to state any material facts which, if true, would convince a reasonable person that a judicial bias exists. To the extent that petitioner complains of adverse rulings by Magistrate Judge Ellington, such rulings are not an adequate basis for demanding recusal. MMR Corp., 954 F.2d at 1045. In any event, petitioner has the right to request review of Judge Ellington's rulings by the undersigned pursuant to 28 U.S.C. § 636 (b)(1)(A) and FED. R. CIV. P. 72.

### Conclusion

Based on the foregoing, petitioner's affidavit of prejudice (D.E. 16), and his motion to disqualify the magistrate from assignment to this case (D.E. 18) are DENIED.

SIGNED and ORDERED this 10th day of February, 2011.

_____
Janis Graham Jack
United States District Judge